UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLTIN DREW HERZOG, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-81-JTM-JEM |
| ALEX COLLINS, JOSHUA CARPENTER, and ZACH SHIFFLETT, | |
| Defendants. | |

OPINION AND ORDER

Coltin Drew Herzog, a prisoner without a lawyer, filed a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Herzog alleges that on February 18, 2025, he received DNA evidence back from his public defender in an envelope that was opened. He asked Officer Collins, who delivered it, why it was opened, and the officer replied that they received it already opened. The next day, Herzog filed a grievance about the incident. Lieutenant Zach Shifflett determined the grievance was unfounded because the jail received the

envelope like that. Herzog appealed the denial, and Jail Commander Joshua Carpenter brought him downstairs to watch the video of Officer Collins receiving the envelope. Herzog complains, though, that Carpenter allowed him to watch only 3 seconds of the footage. Herzog couldn't tell who delivered it and he couldn't tell whether the letter was opened already or not because the video was blurry.

Herzog filed a second grievance on February 20, 2025, asking to watch the video again in order to see who handed Officer Collins the envelope, and he was written up for harassment for filing this grievance. Herzog sues Officer Collins, Lieutenant Shifflett, and Jail Commander Carpenter for opening his legal mail outside his presence and for lying to him by stating that the envelope came opened.

Herzog later sent in as an exhibit a copy of the grievances he filed and the responses he received. (DE # 9.) According to those grievances, Herzog complained that when Officer Collins brought him the DNA evidence "it wasn't sealed and was already opened." (DE # 9 at 2.) Lieutenant Shifflett responded that "the envelope in question was passed through the window in control by the public defender's officer. It was already opened when we received it so it was not our Officers that did that." *Id.* Herzog appealed, saying, "That was y'alls excuse the last time and if that was truly the case why not seal it so that there wouldn't be foul play. It's just very convenient for y'all that my PD would leave my MANILA ENVELOPE open." *Id.* Jail Commander Carpenter denied the appeal, stating, "this response is after our conversation in the intake area, but you could clearly see the video that jail staff did not open your envelope. We understand the severity of legal mail and attorney client privileges. We have spoke with

2

the Public Defender's Office in regards to this matter to ensure that we are receiving items in sealed envelopes." *Id.*

Herzog's second grievance on February 20 stated, "If you really want me to believe you, I would like to see who handed Collins the mail and what happened with the envelope thereafter." (DE # 9 at 2.) Lieutenant Shifflet responded, "This matter has already been addressed. You were brought down yesterday and shown video of it being handed through the window to Officer Collins and that the mail was already opened. You were told that it was by the Public Defender's Office and that we have already addressed the issue with them. You have already placed a grievance and an appeal on this matter." *Id.*

Herzog's complaint does not state a claim for relief. The Constitution places heightened protection on "legal mail," because of the potential for interference with an inmate's right of access to the courts. *Rowe v. Shake,* 196 F.3d 778, 782 (7th Cir. 1999); s*ee also Guajardo-Palma v. Martinson*, 622 F.3d 801, 802 (7th Cir. 2010). This type of mail cannot be opened outside the inmate's presence to protect his privileged communications with his attorney, but it must be marked with an attorney's name and bear a warning on the envelope that it contains legal mail. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). However, a one-time opening of legal mail does not violate an inmate's constitutional rights, in the absence of a detriment to a specific legal claim or an ongoing practice of interfering with mail to his attorney. *See Lewis v. Casey,* 518 U.S. 343, 351 (1996); *Jones v. Walker*, 358 F. App'x 708, 712 (7th Cir. 2009) (opening of one piece of inmate's legal mail was insufficient to state constitutional claim where it did

3

not adversely impact his ability to litigate a specific matter and was not part of an ongoing practice of legal mail interference). Neither of those is alleged here.

In addition, Herzog's allegation that the defendants lied to him about receiving the envelope already opened is pure speculation. By signing the complaint, Herzog certified under Rule 11 of the Federal Rules of Civil Procedure that to the best of his "knowledge, information, and belief, <u>formed after an inquiry reasonable under the circumstances</u> . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" FED. R. CIV. P. 11(b)(3) (emphasis added). The incident with his mail is alleged to have occurred on February 18, 2025. (DE # 1 at 1.) The court received the complaint on February 26, 2025. *Id.* Thus, Herzog sent his complaint to be filed less than a week after the incident occurred. It was within his ability to contact his public defender to ask about the circumstances surrounding the envelope, and it is apparent he did not. Some types of information are not accessible to a self-represented, incarcerated plaintiff without the benefit of discovery. This is not that type of information.

This complaint does not state a claim for which relief can be granted. It is doubtful that Herzog will be able to state a claim in this lawsuit. He has another pending lawsuit in this court concerning whether there is a pattern or practice of interfering with his legal mail at the DeKalb County Jail. *See Herzog v. Cook*, No. 1:24-cv-534-GSL-JEM (N.D. Ind. filed Dec. 11, 2024). He was directed to include all allegations regarding a pattern or practice with legal-mail interference there. *See id.* at DE # 21.

4

Therefore, this claim can proceed based only on an alleged detriment to a specific legal claim, which is unlikely to be present here. However, the court will allow him to file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint, because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which the court will send him. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. He should not return the form until he has done a reasonable investigation into whether the public defender's office submitted the envelope sealed or open.

Finally, Herzog filed a Request for a Ruling, citing Indiana Rule of Trial Procedure 53.1, which sets special procedures for motions in Indiana state courts that have not been ruled on within 30 days. (DE # 13.) The Indiana Trial Rules have no application to this federal case, which is governed by the Federal Rules of Civil Procedure. Filing a motion for a ruling will not result in a case proceeding faster; in fact, it may serve to slow a ruling as judicial resources must be devoted to ruling on unnecessary motions like this. Certainly, this case is important, but this is not the only case pending before this court and all cases filed in this court are important. It takes

5

time to accurately review and justly rule on each filing. Therefore, the motion will be denied.

For these reasons, the court:

(1) DENIES the motion (DE # 13);

(2) DIRECTS the clerk to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Coltin Drew Herzog;

(3) GRANTS Coltin Drew Herzog until **September 8, 2025**, to file an amended complaint; and

(4) CAUTIONS Coltin Drew Herzog if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: August 7, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT